IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES OSHER | ) |
| | ) |
|   Plaintiff, | ) |
| | )   Case No. |
|   vs. | ) |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| LAND CLEARANCE FOR REDEVELPMENT | ) |
| AUTHORITY OF THE CITY OF ST. LOUIS, | ) |
| ST. LOUIS DEVELOPMENT CORPORATION, | ) |
| NATIONAL GEOSPATIAL-INTELLIGENCE | ) |
| AGENCY, TWENTY-SECOND JUDICIAL | ) |
| CIRCUIT STATE OF MISSOURI, | ) |
| OTIS WILLIAMS AND LAURA COSTELLO, | ) |
| IN THEIR OFFICAL AND PERSONAL | ) |
| CAPACITIES | ) |
| | ) |
|   Defendants. | ) |

### COMPLAINT

COMES NOW plaintiff James Osher, by and through his counsel, and for his cause of action against Defendants City of St. Louis, Land Clearance for Redevelopment Authority of the City of St. Louis, St. Louis Development Corporation, National Geospatial-Intelligence Agency, Twenty-Second Judicial Circuit State of Missouri, Otis Williams, and Laura Costello states the following.

### Parties

1. Plaintiff James Osher is and was at all times relevant herein a citizen and resident of the City of St. Louis, who owns residential and commercial property in the City of St. Louis.

2. Defendant City of St. Louis is a governmental entity created pursuant to the laws and Constitution of the State of Missouri (hereinafter the "City").

1

3. Defendant Land Clearance for Redevelopment Authority for the City of St. Louis is a governmental entity created pursuant to the laws and Constitution of the State of Missouri (hereinafter "LCRA").

4. Defendant St. Louis Development Corporation is a corporate entity organized pursuant to the laws of the State of Missouri, which carries out its development functions in conjunction with and as an agent for the City of St. Louis (hereinafter "SLDC").

5. Defendant National Geospatial-Intelligence Agency is an agency of the federal government operating in the City of St. Louis, Missouri (hereinafter "NGA").

6. Defendant Twenty-Second Judicial Circuit State of Missouri is a governmental body created pursuant to the laws and Constitution of the State of Missouri (hereinafter the "Circuit Court").

7. Defendant Otis Williams is the Director and an official of SLDC, who acting personally and in his official capacity and under color of state law, carried out the actions described herein.

8. Defendant Laura Costello is an official of LCRA, who, acting personally and in her official capacity and under color of state law, carried out the actions described herein.

### Jurisdiction and Venue

9. The court has jurisdiction over this matter pursuant to 28 U.S.C Section 1331, and 42 U.S.C. Section 4601 et seq.

10. Venue is proper under 28 U.S.C 1391 (b)(1) because the defendants are deemed to reside in the District and pursuant to 28 U.S.C. 1391 (c). Venue is also proper because the events giving rise to this action occurred in this District.

### FACTUAL BACKGROUND

11. In 2012, the National Geospatial-Intelligence Agency ("NGA") announced plans to move its western headquarters from its current location at 3200 South 2nd Street and Arsenal Street in the City of St. Louis, and commenced a site selection process to construct a new facility (hereinafter referred to as the "NGA Project") rather than upgrade the current facility. The

2

NGA site selection process involved government entities in various locations competing to have the NGA Project located within their jurisdiction, with NGA requiring that land be secured by these governmental entities for the NGA Project.

12.  Responding to the announcement that NGA would be moving – possibly taking over 3,000 jobs of employees who paid earnings taxes to the City of St. Louis - Defendants Land Clearance Redevelopment Authority ("LCRA"), the City of St. Louis, St. Louis Development Corporation ("SLDC"), Otis Williams, and Laura Costello (hereinafter collectively referred to as the "STL NGA Project Team") began an effort, through utilizing condemnation procedures and tactics, to secure a site in north St. Louis for the public purpose of securing a site for NGA to relocate to.

13.  The STL NGA Project Team identified an area in north St. Louis near an infamous vacant acreage known as the Pruitt-Igoe site to which NGA could feasibly relocate (hereinafter referred to as the "NGA Project Footprint"), and from the time of the NGA announcement in 2012 through the present has sought to acquire ownership of all the parcels of property, including Plaintiff's property, within the NGA Project Footprint.

14.  The sole purpose for the STL NGA project Team seeking the properties in the NGA Project Footprint was and is to deed the property to NGA to enable NGA to construct the NGA Project on the site, and the STL NGA Project Team was at all times aware that their efforts were for the purpose of enabling a federal project.

15.  In seeking the properties in the NGA Project Footprint, the STL NGA Project Team, pursuant to Ordinances passed by the City and other means, notified property owners in the NGA Project Footprint, including Plaintiff, that they would have to vacate their property and that they were being displaced by the NGA Project.

16.  At no time did the STL NGA Project Team advise property owners in the NGA Project Footprint that they had relocation and displacement rights under federal law pursuant to 42 U.S.C. Section 4601, known as the Uniform Relocation Assistance Act ("URAA"), and the Code of Federal Regulations, 49 CFR Part 24.

17.  At no time did the STL NGA Project Team apply the provisions of the URAA, including the provisions clearly establishing rights for displaced persons, in seeking to acquire the properties in the NGA Project Footprint.

18. In April 2016, NGA selected the City of St. Louis over several competing governmental entities as the site for the NGA Project based on the proposal put forth by the STL NGA Project Team, which called for the project to be built in the NGA Project Footprint at a cost to the federal government of $1.75 billion, with the bidding and oversight of the construction of the NGA Project to be carried out under the auspices of the Army Corps of Engineers, and not the City of St. Louis, in accordance with federal laws and regulations.

19.  In December 2015, the STL NGA Project Team notified Plaintiff of their intention to acquire his property located on the corner of Jefferson Avenue and Cass Avenue, which is within the NGA Project Footprint, and thereafter commenced legal proceedings to acquire Plaintiff's property by eminent domain.

20. The Circuit Court, in accordance with state eminent domain law, carried out the process to divest Plaintiff of his property without any consideration of the URAA.

21. Defendants have never either advised Plaintiff of his rights under the URAA or applied the provisions of the URAA in taking actions to acquire Plaintiff's property, which consists of both Plaintiff's residence and the property upon which Plaintiff operates his business.

22.  Defendants' actions as aforestated have resulted in Plaintiff's property being unlawfully seized and Plaintiff being displaced from his home and business.

## STATEMENT OF THE LAW

23.  The Uniform Relocation Assistance Act, 42 U.S.C. Section 4625 (a) states in pertinent part that:

"Programs or projects undertaken by a Federal agency or with Federal financial assistance shall be planned in a manner that (1) recognizes, at an early stage in the planning of such programs or projects and before the commencement of any actions which will cause displacements, the problems associated with the displacement of individuals, families,

4

businesses, and farm operations, and (2) provides for the resolution of such problems in order to minimize adverse impacts on displaced persons…"

42 U.S.C. Section 4622 (a) states in pertinent part:

"Whenever a program or project to be undertaken by a displacing agency will result in the displacement of any person, the head of the displacing agency shall provide for the payment to the displaced person of-

(1)  actual reasonable expenses in moving himself, his family, business…

(3)  actual reasonable expenses in searching for a replacement business…"

42 U.S.C. Section 4628 states:

"Whenever real property is acquired by a State agency at the request of a Federal agency for a Federal program or project, such acquisition shall, for the purposes of this chapter, be deemed an acquisition by the Federal agency having authority over such program or project."

## COUNT I

### Violation of Federal Law

24.  This court has jurisdiction pursuant to 42 U.S.C. Section 1983.

25.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 22 of this Complaint.

26.  The Defendants violated 42 U.S.C. Section 4601 et seq., known as the Uniform Relocation Assistance Act, by, among other things, displacing Plaintiff and forcing him to vacate his property through the eminent domain process Defendants engineered.

27.  The Defendants acted deliberately and with indifference to Plaintiff's rights in displacing him and forcing him to vacate his property.

28.  Defendants' actions have caused Plaintiff damages, including the loss of his property and loss of business profits.

## COUNT II

### Fifth Amendment Taking Violation

5

29. This court has jurisdiction pursuant to 42 U.S.C. Section 1983.

30. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 22 of this Complaint.

31. The Defendants violated the Fifth Amendment to the United States Constitution in taking Plaintiff's property without just compensation by failing to comply with 42 U.S.C. Section 4601 in displacing Plaintiff and forcing him to vacate his property through the eminent domain process Defendants engineered.

32. The Defendants acted deliberately and with indifference to Plaintiff's rights in displacing him and forcing him to vacate his property.

33. Defendants' actions have caused Plaintiff damages, including the loss of his property and loss of business profits.

## COUNT III

## 42 U.S.C. Section 1985

34. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 22 of this Complaint.

35. The Defendants violated 42 U.S.C. Section 1985 by conspiring to violate Plaintiff's rights under the Fifth Amendment of the Constitution and the Uniform Relocation Assistance Act in order to displace Plaintiff and force him to vacate his property through the eminent domain process Defendants engineered.

36. The Defendants, acting together and in concert, have deliberately and with indifference to Plaintiff's rights displaced him and forced him to vacate his property.

37. Defendants' actions have caused Plaintiff damages, including the loss of his property and loss of business profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for a judgment and order against all Defendants as to Counts I through III, together and separately, enjoining Defendants from acquiring the deed to Plaintiff's property, displacing Plaintiff, and forcing him to vacate his property; an award of

damages against Defendants Otis Williams and Laura Costello for their deliberately depriving Plaintiff of his clearly established rights under the Uniform Relocation Assistance Act; punitive damages according to proof; attorney's fees; and for the costs of Court, prejudgment and post judgment interest allowed by law, and for such additional relief as this Honorable Court deems just and proper under the circumstances.

        Respectfully submitted,

        **S/ *Eric E. Vickers***

        _____
        Eric E. Vickers #31784
        401 North Newstead, Ste. 1N
        St. Louis, Mo. 63108
        (314) 420-8700  (314) 875-0447 fax
        eric_vickers@hotmail.com
        Attorney for Plaintiff