UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES OSHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16CV1674HEA |
| | ) |
| LAND CLEARANCE FOR | ) |
| REDEVELOPMENT AUTHORITY OF | ) |
| THE CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, [Doc. No. 3]. Defendants oppose the Motion. The Court conducted a hearing on the Motion on November 18, 2016, at which all parties were represented by counsel. Arguments were heard at the hearing; no evidence was presented. For the reasons set forth below, Plaintiffs Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction is denied and this case is dismissed.

### **Introduction**

Plaintiff filed this action against the Land Clearance Redevelopment Authority of the City of St. Louis ("LCRA") and the National Geospatial-

Intelligence Agency ("NGA") alleging violations of the Uniform Relocation Assistance Act ("URA") and Fifth Amendment. Plaintiff also filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction to enjoin Defendants from displacing him and forcing him to vacate his property located in the City of St. Louis.

**Facts and Background**

Plaintiff filed this action on October 28, 2016, alleging violations of the Federal Uniform Relocation Assistance Act ("URA"), 42 U.S.C. § 4601, *et seq.* In his Complaint, Plaintiff alleges that he owns a property in the City of St. Louis at the corner of Jefferson Avenue and Cass Avenue. He further alleges that he and Defendant Land Clearance for Redevelopment Authority of the City of St. Louis ("LCRA") are parties to a case pending in the Circuit Court of the City of St. Louis (the "State Court Case"), in which LCRA acquired his property by eminent, domain.

Plaintiff alleges that LCRA intended to acquire his property in order to construct a new facility for Defendant National Geospatial-Intelligence Agency ("NGA"). Plaintiff further alleges that Defendants have never advised him of his rights under the URA or offered him certain relocation benefits to which he is supposedly entitled under the URA. Plaintiff claims that Defendants failure to do

so has "resulted in [his] property being unlawfully seized and [him] being subjected to displacement from his home and business."

Plaintiff filed his Motion on November 1, 2016 seeking to enjoin Defendants from displacing him from his property. The Motion, like his Complaint, was not verified. He did not submit any affidavits in support of his Motion, and did not offer any evidence during the hearing on it. However, the following facts do not appear to be in dispute.

LCRA filed the State Court Case on December 29, 2015. Plaintiff did not challenge LCRA's right to condemn his property. Pursuant to Missouri law, a Commissioners' Hearing was held to determine the fair market value of Plaintiffs property, which neither Plaintiff nor his attorney attended. The Commissioners later filed an award assessing the fair market value of Plaintiffs property at $810,000.00. On June 24, 2016, LCRA paid this amount, with interest, into the Court registry, and by doing so took title to the property under Missouri law.

LCRA wrote to Plaintiff informing him that he had 90 days to vacate the property. Because Plaintiff refused to vacate, LCRA filed a Petition for Writ of Possession in the State Court Case. Plaintiff filed an opposition to that petition, asserting, *inter alia,* that LCRA had not provided him with federal relocation benefits. A hearing on that petition was held the day before Plaintiff filed this Motion. By the time of the hearing on Plaintiffs Motion in this action, the state

3

court had sustained the Petition for Writ of Possession and ordered Plaintiff to immediately tender possession of the Property to LCRA.

## Discussion

**Section 1983**

Plaintiff brings Counts I and II of his Amended Complaint pursuant to 42 U.S.C. § 1983. However, by its express terms, § 1983 does not provide a cause of action against the federal government. *See* 42 U.S.C. § 1983 (imposes liability on any person who, under color of *state* law, deprives a person of rights, privileges, or immunities under the Constitution or federal law) (emphasis added)*; see also District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973); *Williams v. Rogers*, 449 F.2d 513, 517 (8th Cir. 1971). This is a point that Plaintiff conceded in his Reply brief. Accordingly, Plaintiff's § 1983 claims against NGA fail as a matter of law. *See McKenna v. St. Louis Co. Police Dep't*, No. 4:09CV1113CDP, 2010 WL 56011, *5 (E.D. Mo. Jan. 4, 2010) ("Section 1983 claims are unavailable against federal defendants because of section 1983's state action requirement.").

**Abstention**

In *Younger* v. *Harris,* 401 U.S. 37, 43-44 (1971), the Supreme Court stated that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances. *See Fuller* v. *Ulland,* 76 F.3d 957, 959 (8th Cir. 1996). When determining whether to invoke the *Younger* abstention

doctrine, courts analyze three factors known as the *Middlesex* factors: 1) whether there is an ongoing state judicial proceeding; 2) whether the state court proceeding implicates important state interests; and 3) whether there is an adequate opportunity in the state court proceeding to raise constitutional challenges. *See Middlesex* v. *Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). If all three questions are answered affirmatively, a federal court should abstain. *Id.,* at 435. The circumstances here compel such affirmative answers.

      The Court finds that all three of the *Middlesex* factors are met. First, it is undisputed that there is a pending state court eminent domain action, which predates this case and concerns the same property at issue here. Second, eminent domain proceedings have long been recognized as an important state interest. *See Aaron,* 357 F.3d at 777; *see also Edwards v Arkansas Power & Light Co.,* 683 F.2d 1149, 1156 (8th Cir. 1982) (important state interest in eminent domain proceedings makes abstention particularly appropriate). Third, there is no evidence to suggest that the state court case does not provide Plaintiff an adequate opportunity to raise the same issues he is raising here and Plaintiffs Motion does not argue otherwise. Missouri has adequate judicial procedures for consideration of the parties' competing interests in eminent domain cases. *Aaron v Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004).

Because all of the *Middlesex* factors are present here and *Aaron* provides the controlling precedent, the Court must abstain from proceeding further with this case. The Court therefore denies Plaintiff's Motion and dismisses this case as to the LCRA.

**Private Right of Action**

Considerable discussion and time was devoted to the applicability of the URA and whether it establishes a private cause of action. *Clear Shy Car Wash, LLC* v. *City of Chesapeake, VA,* 910 F. Supp. 2d 861, 878 (E.D. Va. 2012). *Munoz v. City of Philadelphia*, 346 Fed. App'x 766, 769 n. 6 (3d Cir. 2009) (unpublished) ("We highly doubt whether, in light of *Gonzaga*…, [the URA] does create a private right enforceable under § 1983."). Because the lack of a private right of action precludes the existence of subject matter jurisdiction, claims suffering from this jurisdictional defect may be dismissed *sua sponte. Kurtz v. U.S.,* 798 F. Supp. 2d 285, 289 (D.D.C. 2011); *Rizvi v. JP Chase Bank,* No. 13-3339, 2014 WL 12595656, at * 3 (N.D. Tex. Apr. 9, 2014); *Mangano* v. *Camhriere,* No. 04-4980, 2007 WL 2846418, at * 1 (S.D.N.Y. Sept. 7, 2007).

To the extent that Plaintiff's claims against NGA are premised on the URA and not § 1983, Plaintiff's claim fails because the URA does not provide a private right of action. The URA does not expressly allow a private right of action and seems to foreclose that option by stating that "the provisions of section 4651 of this

title create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation." *See* 42 U.S.C. 4602.

The URA also does not provide an implied private right of action for violations thereof. *See Delancey v. City of Austin*, 570 F.3d 590 (5th Cir. 2009) ("Applying the analysis announced by the Supreme Court in *Gonzaga*…, we hold that the URA does not provide a private right of action for monetary damages); *Munoz v. City of Philadelphia*, 346 Fed. App'x 766, 769 n. 6 (3d Cir. 2009) (unpublished) ("We highly doubt whether, in light of *Gonzaga*…, [the URA] does create a private right enforceable under § 1983."); *Alamo Aircraft Ltd. v. City of San Antonio,Ho.*15-784, 2016 WL 5720860, at * 2 (W.D. Tex. Sept. 30, 016); *Clear Sky Car Wash, LLC v. City of Chesapeake, Va.*, 910 F.Supp. 2d 861, 878 (E.D. Va. 2012) (URA's relocation benefits are not enforceable in a federal right of action). The courts that held no private right of action exists in the URA based their decisions on *Gonzaga Univ. v. Doe*, in which the Supreme Court declined to allow a private suit based on an alleged violation of the Family Educational Rights and Privacy Act of 1974 because "the text and structure of [the] statute provide[d] no indication that Congress intend[ed] to create new individual rights…," as nothing "short of an unambiguously conferred right" can support a cause of action under § 1983. 536 U.S. 273, 286 (2002).

The lack of a private right of action within the URA is further evidenced by the administrative scheme set forth in the statute, which permits the lead agency to set forth regulations allowing any aggrieved person to have his application for relocation benefits reviewed by the head of the federal agency having authority over the project or the state agency in the case of a program or project receiving federal financial assistance. *See* 42 U.S.C. § 4633; *see also Four T's, Inc. v. Little Rock Mun. Airport Comm'n*, 108 F.3d 909, 916 (8th Cir. 1997) ("The fact that [the statute] requires the various written assurances of nondiscrimination to be given to the Secretary of Transportation 'indicates that Congress intended to establish an administrative enforcement scheme' rather than a private right of action.").

Although the Eighth Circuit granted a stay of eviction proceedings in *Tullock v. State Highway Comm'n of Mo.*, 507 F.2d 712 (8th Cir. 1974), the Court did not specifically hold that the URA created a private right of action. Because *Tullock* does not "squarely address" whether this Court has subject matter jurisdiction over URA claims, its decision does not imply a holding that subject matter jurisdiction does in fact exist and this Court should consider for itself whether such jurisdiction exists. *See United States v. Lovelace*, 565 F.3d 1080, 1085 (8th Cir. 2009) ("[W]hen an issue is not squarely addressed in prior case law, we are not bound by precedent through *stare decisis*."). Based on the text of the URA, the fact that the Eighth Circuit has not revisited a URA case since the

*Gonzaga* decision was handed down in 2002 and *Tullock* conflicts with *Gonzaga*, this Court finds that it lacks subject matter jurisdiction over Plaintiff's URA claim. *See Delancey*, 570 F.3d at 595, n. 7 (the argument that the Eighth Circuit recognized a private right of action under the URA in *Tullock* is unpersuasive because that decision predates and conflicts with *Gonzaga*).

Moreover, the URA does not apply to the underlying eminent domain proceedings. "URA benefits are available to displaced persons only on projects undertaken by federal agencies or by state agencies receiving federal financial assistance." *Moorer v. Dep't of Hous. and Urban Dev.*, 561 F.2d 175, 178-79 (8th Cir. 1977). The eminent domain proceedings were not undertaken by NGA and the federal government is not providing any financial assistance to LCRA or the City of St. Louis for the acquisition of Plaintiff's land or any of the land in the redevelopment area. Plaintiff's claims against the NGA therefore must be dismissed.

**Conclusion**

Based upon the foregoing analysis, Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction is denied and this matter will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, [Doc. No. 3], is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is dismissed.

Dated this 29th day of December, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE