UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JAMES OSHER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1674 HEA |
| | ) | |
| LAND CLEARANCE FOR DEVELOPMENT AUTHORITY OF ST. LOUIS, NATIONAL GEOSPATIAL-INTELLIGENCE AGENCY, | ) ) ) | |
| | ) | |
| Defendants, | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration and Motion for Declaratory Judgment, [Doc. No. 24]. Both Defendants oppose the Motion. For the reasons set forth below, the Motion is denied.

On December 29, 2016, the Court entered its Opinion, Memorandum and Order denying Plaintiff's request for temporary restraining order, preliminary injunction and permanent injunction. Plaintiff now seeks to have the Court alter or amend its order; Plaintiff asks the Court to issue a declaratory judgment that he is entitled to recovery under the Uniform Relocation Assistance Act ("URA").

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to re-litigate old matters, or to raise arguments or present evidence that could

1

have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, 554 U.S. 471 n. 5 (2008). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998),(internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

District courts "will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court." *Elder-Keep v. Aksamit*, 460 F.3d 979, 988 (8th Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at *4

(E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir.2010). A motion to reconsider "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). District courts have "broad discretion" in determining whether to reconsider judgment. *Hagerman,* 839 F.2d at 413.

Rule 60(b) provides relief from a final judgment , order or proceeding under circumstances where there has been some mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence, with reasonable diligence, could not have been discovered in time to move for new trial; fraud, misrepresentation, or misconduct by an opposing party; the judgment is void; the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief.

In his Motion, Plaintiff attempts to persuade the Court to grant relief from its findings which led to the conclusion that this Court must not abstain from acting in this matter in deference to the state court. Plaintiff has presented nothing new, nor has he pointed the Court to any mistake so severe as to establish manifest error under Rule 59(e). Petitioner has not articulated any arguments or facts that would even facially compel relief pursuant to Rule 60(b). Instead he has reiterates the same

arguments which were the basis of his original Motion. The Court articulated its reasoning in finding that Plaintiff was not entitled to injunctive relief. Nothing has changed, nor should the Opinion, Memorandum and Order in this matter be altered or amended.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration and Motion for Declaratory Judgment, [Doc. No. 24] is denied.

Dated this 2nd day of May, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE